Anthony J. NIEVES and/or Ghilda M. Nieves, etc., et al., Plaintiffs,

v.

The ARMY TIMES, the Army Times Publishing Company and Larry Phillips, Defendants.

Civ. No. 625–73.

United States District Court, D. Puerto Rico.

Dec. 27, 1976.

José M. Herrero, Hato Rey, P. R., for plaintiffs.

Fernando Ruiz-Suria, San Juan, P. R., David L. Hill, Washington, D. C., for defendants.

## MEMORANDUM OPINION

PESQUERA, District Judge.

Plaintiff, Anthony J. Nieves, and the members of his immediate family, his wife and children, have initiated this action for compensatory damages alleging that in an article published by defendants, The Army Times Publishing Co. and Larry Phillips, it was falsely imputed that he had incurred in offensive sexual conduct. Defendants have moved for summary judgment on various grounds which the Court will consider in this Memorandum Opinion.

Under the law of Puerto Rico (32 LPRA 3141–3149), a civil action for damages for libel and slander is established (3141). Libel is defined as the malicious defamation of a person made public by writing, printing, or other mechanical mode of publication tending to subject him to public hatred or contempt or to deprive him of the benefit of public confidence and social intercourse, or to injure him in his business, or in any other way to throw discredit, contempt or dishonor upon him (3142).

Although malice is an essential element of libel (*Quiñones v. J. T. Silva Banking & Commercial Co.*, 16 PRR 661) the statute further provides that malice shall be presumed to exist in any injurious communication or writing made without justifiable motive (3145) unless such communication is one considered to be privileged in which case it shall not be presumed to be malicious (3144). It has also been held that when the charge made in the alleged libelous material is a punishable offense, malice is presumed (*Casanova v. González Padín Co.*, 47 PRR 461).

On the other hand, the statute further provides (3144) that a publication shall not be presumed to be malicious when made

in a fair and true report of a judicial, legislative, or any other proceeding, or of any thing said in the course thereof. Thus, deprived of the presumption of malice, in such a situation, a plaintiff will have the burden of showing that the publication was made maliciously or with reckless disregard.

■ Initially, it is for the Court to determine the defamatory nature of the publication. That is, whether the charge made in the publication amounts to libel and whether the words in the article in question coupled with the extrinsic fact that plaintiff allegedly was the only Army major stationed at the Naval Base can support the inference that the communication identified the plaintiff. In the opinion of this Court the article can be read as meaning that plaintiff was charged with committing offensive sexual conduct and that such charge is a punishable offense (33 LPRA 1118).

■ The Court further finds that the publication in question may enjoy the privilege of the provisions of 32 LPRA 3144 if defendants are able to show that the contents of the official report which the publication allegedly reports was accurately reflected in the same.

■ However, at the present stage of the case we believe there are controversial facts as to whether the publication actually reflects the report on which it was allegedly based and as to whether the defendants published the article with reckless disregard of the implication that plaintiff, who alleges being the only Army major then stationed at the San Juan Naval Base, would be identified as the person to whom the article refers and whether the publication was understood by the readers in the sense that plaintiff was the person referred to in the same.

■ Since the article in question is concerned with an issue of public or general concern, the question arises as to whether the defendants are entitled to the protection of the doctrine of *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, and thus entitled to a summary dismissal of this action unless plaintiffs can establish that the article was published with "actual malice", that is, with knowledge that it was false or with reckless disregard as to whether it was false or not. We believe there is present in this case a triable issue of fact as to whether the subject matter of the publication should have adverted a reasonable prudent publisher of some defamatory potential.

■ Defendants further allege to be entitled to summary judgment dismissing the complaint on the ground of the holding in *Gertz v. Welch*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 to the effect that the states may not permit recovery of presumed or punitive damages at least when liability is not based on a showing of knowledge of falsity or reckless disregard for the truth. Plaintiffs do not ask for punitive damages, but defendants argue that the only damages that plaintiffs can recover would be presumed damages which are constitutionally prescribed by *Gertz*. However, even if it were assumed that plaintiffs cannot show reckless disregard in the publication of the article in question, an assumption we do not make at this stage of the proceedings, *Gertz* makes it clear (at 349, 94 S.Ct. at 3012) that a state may constitutionally permit recovery for "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering", which are precisely the allegations of damages made in the complaint.

The other reasons advanced by the defendants, such as failure of Mr. Nieves' relative to state a cause of action and lack of jurisdiction over codefendant Larry Phillips do not merit much consideration. It suffices to state that the allegations of the complaint state a cause of action for an alleged tort committed in Puerto Rico by said codefendant.

For the above stated reasons, defendants' motion for summary judgment is hereby denied. A pretrial conference is set for April 11, 1977 at 4:00 p.m., and trial of this case is hereby set for May 2, 1977 at 9:00 a.m.